UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cr-00063-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALEXANDER GAROUTTE, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for Compassionate Release (Doc. No. 45). Defendant, citing the COVID-19 pandemic, has asked the Court to serve the remainder of his sentence in home confinement. Id. at 2. The Court ordered the Government to respond to Defendant's motion, giving sixty days to do so. (Doc. No. 46). The Government has since filed its Response with the Court, (Doc. No. 47), and the matter is ripe for review.

Defendant was sentenced to imprisonment for eighty months on April 23, 2018 after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. (Doc. No. 40, p. 1). On June 17, 2019, the Court granted the Government's Rule 35 motion requesting a sentence reduction based on substantial assistance, thereby reducing Defendant's sentence to sixty-six moths. (Doc. No. 44). Defendant now has approximately two years remaining on his sentence, see (Doc. No 47, p. 1), and he requests the Court to allow him to spend the remainder of his sentence in home confinement due to the COVID-19 pandemic. (Doc. No. 45, p. 2).

Courts do not have the authority to direct the Bureau of Prisons ("BOP") to place a defendant in a particular location while in custody. See 18 U.S.C. §§ 3621(b), 3624(c); see also United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018) (per curiam). Decisions related to

1

home confinement rest exclusively with the Attorney General. 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g); see also United States v. Aiken, No. 1:04-cr-00092-MR-1, 2020 WL 2334095, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General."); United States v. Overcash, No. 3:15-cr-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019). Moreover, a prisoner has no constitutional right to confinement in any particular place, including in home confinement. See Sandin v. Conner, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); Meachum v. Fano, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons."). Following the imposition of a sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. See Freeman v. United States, 564 U.S. 522, 526 (2011) (plurality opinion). The provisions of that statute, however, are not relevant here as Defendant does not seek a reduction or modification of his sentence. See generally (Doc. No. 45).

Nor does the recently-passed CARES Act, in which Congress addressed the COVID-19 pandemic, provide such authority. Aiken, 2020 WL 2334095, at *1; see also CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement . . . .").

Because Defendant requests only a different place of incarceration rather than modification of the actual term of incarceration, the Court is without authority to grant his request. Accordingly, his Motion for Compassionate Release (Doc. No. 45) is DENIED.

IT IS SO ORDERED.

Signed: July 10, 2020

_____
Frank D. Whitney
United States District Judge

3